IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA ex rel. CHRISTOPHER CRAIG and KYLE KOZA,

Plaintiff–Relators,

v.

GEORGIA TECH RESEARCH CORP. and BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA (d/b/a THE GEORGIA INSTITUTE OF TECHNOLOGY),

Defendants.

Civil Action No. 1:22-cv-02698-JPB

**MOTION FOR JUDICIAL NOTICE AND FOR COURT TO CONSIDER DOCUMENTS UNDER INCORPORATION-BY-REFERENCE DOCTRINE**

Defendants Georgia Tech Research Corporation ("GTRC") and the Board of Regents of the University System of Georgia, doing business as the Georgia Institute of Technology ("Georgia Tech"), respectfully move the Court to take judicial notice or consider under the incorporation-by-reference doctrine the following documents attached to this motion in ruling on Defendants' concurrently filed Motion to Dismiss the United States' Complaint-in-Intervention:

1. Ex. 1, DFARS Procedures, Guidance, and Information (PGI) 204.7303-1 (revised Nov. 18, 2015).

2. Ex. 2, DoD, Frequently Asked Questions (FAQS) Regarding the Implementation of DFARS Subpart 204.73 and PGI Subpart 204.73, DFARS Subpart 239.76 and PGI Subpart 239.76 (Dec. 19, 2021), available at https://dodprocurementtoolbox.com/uploads/Cybersecurity_FAQ_update_12_19_22_ba047be683.pdf.

3. Ex. 3, DoD Instruction 5230.24, "Distribution Statements on DoD Technical Information" Incorporating Change 1 (Effective Apr. 28, 2016).

4. Ex. 4, DoD Instruction 3200.12, "DoD Scientific and Technical Information Program (STIP)" (Aug. 22, 2013).

5. Ex. 5, November 16, 2016 DARPA Statement.

6. Ex. 6, DoD Memorandum, "Contracted Fundamental Research" (June 26, 2008).

7. Ex. 7, National Security Decision Directive 189, "National Policy on the Transfer of Scientific, Technical and Engineering Information" (Sept. 21, 1985).

8. Ex. 8, NIST SP 800-171 Revision 3, "Protecting Controlled Unclassified Information in Nonfederal Systems and Organizations" (May 2024).

9. Ex. 9, NIST SP 800-171, "Protecting Controlled Unclassified Information in Nonfederal Systems and Organizations" (June 2015).

10. Ex. 10, NIST SP 800-171 Revision 1, "Protecting Controlled Unclassified Information in Nonfederal Systems and Organizations" (Dec. 2016).

11. Ex. 11, NIST SP 800-171 Revision 2, "Protecting Controlled Unclassified Information in Nonfederal Systems and Organizations" (Feb. 2020).

12. Ex. 12, "Cybersecurity Maturity Model Certification (CMMC) Program," 88 Fed. Reg. 89058 (Dec. 26, 2023).

13. Ex. 13, NIST SP 800-171 DoD Assessment Methodology, Version 1.2.1 (June 24, 2020).

14. Ex. 14, Air Force Research Laboratory, "Statement of Work for Rhamnousia: Attributing Cyber Actors Through Tensor Decomposition and Novel Data Acquisition" (Nov. 8, 2016).

15. Ex. 15, Enhanced Attribution ("EA") Contract Award (Nov. 17, 2016).

16. Ex. 16, Signature Management using Operational Knowledge and Environments ("SMOKE") Contract Award (Oct. 5, 2022).

17. Ex. 17, EA Subcontracting Plan (Nov. 11, 2016).

18. Ex. 18, DARPA EA Solicitation (Apr. 22, 2016).

19. Ex. 19, EA Award Notice Letter (Oct. 31, 2016).

20. Ex. 20, EA Security Classification Guide (May 10, 2016).

21. Ex. 21, EA DD Form 254 (Sept. 22, 2016).

22. Ex. 22, EA Contract Data Requirements List (Nov. 8, 2016).

23. Ex. 23, November 28, 2016 AFRL Statement Responding to GTRC's November 18, 2016 Inquiry.

24. Ex. 24, DARPA SMOKE Solicitation (Dec. 6, 2021).

25. Ex. 25, SMOKE Contract Attachment 1A.

26. Ex. 26, SMOKE Modification of Contract (Nov. 7, 2022).

27. Ex. 27, SMOKE Modification of Contract Attachment 1A.

28. Ex. 28, SMOKE Modification of Contract DD Form 254 (Oct. 4, 2022).

29. Ex. 29, EA Invoice (July 28, 2020).

30. Ex. 30, SMOKE Invoice (Jan. 27, 2023).

31. Ex. 31, NIST, Frequently Asked Questions for NIST SP 800-171r3 and NIST SP 800-171Ar3 (May 14, 2024), available at https://csrc.nist.gov/files/projects/protecting-controlled-unclassified-information/documents/FAQ/FAQ-SP800-171R3-171AR3.pdf.

32. Ex. 32, DoD Memorandum, "Implementation of DFARS Clause 252.204-7012, Safeguarding Covered Defense Information and Cyber Incident Reporting" (Sept. 21, 2017).

33. Ex. 33, DoD Inspector General Report No. DODIG-2022-061, "Audit of the Protection of Military Research Information and Technologies Developed by Department of Defense Academic and Research Contractors" (Feb. 22, 2022).

34. Ex. 34, DoD Inspector General Report No. DODIG-2024-031, "Special Report: Common Cybersecurity Weaknesses Related to the Protection of DoD Controlled Unclassified Information on Contractor Networks" (Nov. 30, 2023).

Judicial notice and the incorporation-by-reference doctrine are exceptions to the general rule that on a motion to dismiss under F.R.C.P. 12(b)(6) a court cannot consider documents outside the complaint without converting the Rule 12(b)(6) motion into a motion for summary judgment under F.R.C.P. 56. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024).

F.R.E. 201(b)(2) permits this Court to "judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." F.R.E. 201(c)(2) (emphasis added). Judicially noticed facts can be considered in deciding a Rule 12(b)(6) motion without converting the motion to a motion for summary judgment. *Univ. Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006).

Under the incorporation-by-reference doctrine, this Court can consider documents referenced in the Complaint, *see Githieya v. Global Tel*Link Corp.*,

2016 WL 304534, at *3 n.3 (N.D. Ga. Jan. 25, 2016), as well as documents "not referred to or attached to a complaint if the document[s] [are] (1) central to the plaintiff's claims; and (2) undisputed, meaning that [their] authenticity is not challenged," *Johnson*, 107 F.4th at 1300.[1]

As explained below, the 34 documents identified above are the proper subjects of judicial notice or the incorporation-by-reference doctrine.

**Documents Published in the Federal Register.** "[D]ocuments published in the Federal Register" must be judicially noticed. *Transcontinental Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1142 n.3 (11th Cir. 2018). Accordingly, Exhibit 12—an interim final rule published in the Federal Register by the Department of Defense ("DoD")—is properly the subject of judicial notice.

**Governmental Publications.** Courts are "permitted to take judicial notice of documents made publicly available by a government entity," *Thomas v. Alcon Labs.*, 116 F. Supp. 3d 1361, 1365 (N.D. Ga. 2013) (citation omitted), including "information on a government agency website," *Matthews v. JPMorgan Chase Bank, N.A.*, 2013 WL 12106937, at *3 n.3 (N.D. Ga. 2013); *Banks v. McIntosh*

[1] The Court may also "take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

*Cnty., Ga.*, 530 F. Supp. 3d 1335, 1346 n.7 (S.D. Ga. 2021) (same), and reports published by governmental bodies, *see King v. Akima Global Servs., LLC*, 775 F. App'x 617, 621 (11th Cir. June 7, 2019). Exhibits 1-4, 6-11, 13, 31-34 are subject to judicial notice under this rule. Exhibits 1-4, 6, and 32 are instructions, memoranda, guidance, and policy documents published by DoD. Exhibit 7 is a published national security decision directive, which sets forth official governmental national security policy. Exhibits 8-11, 13, and 31 are publications of the National Institute of Standards and Technology of the Department of Commerce incorporated into relevant DoD regulations. And Exhibits 33 and 34 are published DoD Office of Inspector General reports. These are all documents made publicly available by a governmental entity, and thus properly the subject of judicial notice.

**Documents Referenced in Complaint-in-Intervention.** This Court can consider the documents referenced in the Complaint under the incorporation-by-reference doctrine. *See, e.g.*, *Githieya*, 2016 WL 304534, at *3 n.3; *see also Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. Oct. 5, 2011) (court can consider "relationship-forming contracts that are central to a plaintiff's claim" (brackets and citation omitted)). Here, Exhibits 14-17, 20-22, 25-28 are documents comprising the Enhanced Attribution ("EA") and "Signature Management using Operational Knowledge and Environments" ("SMOKE")

contracts referenced in the Complaint. Exhibits 18-19, 24, 29-30 are other documents related to the EA and SMOKE contracts also referenced in the Complaint. All are thus the proper subject of the incorporation-by-reference doctrine.

**DoD Statements Related to the EA Contract.** Finally, this Court may consider the DoD statements reflected in two emails sent to GTRC and Georgia Tech contemporaneously with the signing of the EA contract in November 2016. *See* Exhibits 5 and 23. Courts consider emails under the incorporation-by-reference doctrine, *see, e.g.*, *Eckart v. Allstate Northbrook Indem. Co.*, 2023 WL 8651035, at *2-3 & n.5 (11th Cir. Dec. 14, 2023), and here Exhibits 5 and 23 meet the two-part test set forth in *Johnson* for incorporation-by-reference. First, these statements—*from DoD*—are central to the Complaint's allegations because they reflect the proper interpretation of the EA contract provisions that underlie all the Complaint's claims based on the parties' intent at the time of execution. *See First Solar Elec., LLC v. Zurich Am. Ins. Co.*, 2024 WL 3106748, at *16 (N.D. Ga. June 24, 2024) (noting that contract language "should be construed to reflect the sense in which the parties themselves understood it at the time of execution" and "[e]xtrinsic evidence is admissible to establish that understanding" (citation omitted)). And second, the government does not dispute the statements' authenticity. The government has known about these DoD statements since at least

May 2024 when undersigned counsel provided them to the government counsel. At no point has the government contested their authenticity.

Accordingly, Defendants respectfully move the Court to consider Exhibits 1-34 in ruling on Defendants' concurrently filed Motion to Dismiss.

Dated: October 21, 2024

Respectfully submitted,

*/s/Douglas W. Gilfillan*
Douglas W. Gilfillan
Georgia Bar No. 294713
Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
Telephone: (404) 795-5016
Doug@gilfillanlawllc.com

*Counsel for Georgia Tech Research Corp. and Georgia Institute of Technology*

*/s/Ronald Machen*
Ronald Machen*
DC Bar No. 447889
Matthew Jones*
DC Bar No. 502943
Wilmer Cutler Pickering
Hale and Dorr, LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: (202) 663-6000
Fax: (202) 663-6363
Ronald.Machen@wilmerhale.com
Matt.Jones@wilmerhale.com

George P. Varghese*
Massachusetts Bar No. 706861
Wilmer Cutler Pickering
Hale and Dorr, LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
George.Varghese@wilmerhale.com

Peter Kurtz*
Colorado Bar No. 54305
Wilmer Cutler Pickering
Hale and Dorr, LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Fax: (720) 274-3133
Peter.Kurtz@wilmerhale.com

*Counsel for Georgia Tech Research Corp.*

*Admitted *pro hac vice*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

*/s/ Ronald Machen*
Ronald Machen

## CERTIFICATE OF SERVICE

**I hereby certify** that on October 21, 2024, I electronically filed the foregoing Motion for Judicial Notice and for Court to Consider Documents Under Incorporation-by-Reference Doctrine with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*/s/ Ronald Machen*
Ronald Machen