IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER CRAIG and KYLE KOZA,<br><br>      Plaintiff–Relators,<br><br>v.<br><br>GEORGIA TECH RESEARCH CORPORATION and GEORGIA INSTITUTE OF TECHNOLOGY,<br><br>      Defendants. | Civil Action No.<br>1:22-cv-02698-JPB |

**JOINT MOTION TO DISMISS RELATORS' RETALIATION CLAIMS WITH INCORPORATED MEMORANDUM OF LAW**

Relators and Defendants jointly move the Court for an order dismissing Relators' retaliation claims, withdrawing Relators' Motion for Permission to Serve the Original Complaint (Doc. 24), and vacating the Court's Order to serve the original complaint by December 19, 2024 (Doc. 33). In support of this motion, the parties respectfully show the Court as follows:

1. On February 19, 2024, the United States filed a notice of election to intervene in this False Claims Act case. (Doc. 17).

2. On February 23, 2024, this Court entered an Order unsealing the Complaint and ordering that the United States serve its Complaint in Intervention

upon Defendants within 120 days. (Doc. 18). On June 24, 2024, the Court extended the time to serve the Complaint in Intervention through August 22, 2024, by a text-only order.

3. On August 22, 2024, Relators moved for permission to serve their original complaint based on their separate retaliation claims, and on September 19, 2024, the Court ordered Relators to serve their original complaint on Defendants within ninety days. (Doc. 24; Doc. 33).

4. Also on August 22, 2024, the United States filed its Complaint in Intervention, (Doc. 23), which then became the operative complaint for all claims in which the government has intervened. *See United States v. Pub. Warehousing Co. K.S.C.*, 242 F. Supp. 3d 1351, 1357 (N.D. Ga. 2017) ("[T]here can only be one overarching operative complaint. . . . Once the government intervenes, . . . 'the Government's complaint in intervention becomes the operative complaint as to all claims in which the government has intervened.' The government's complaint supersedes the relator's, but only as to those claims in which the government has decided to intervene." (citation omitted)).

5. Relators' original complaint (Doc. 1) contains two counts that are not part of the Complaint in Intervention: Count II (Violation of 31 U.S.C. § 3730(h) - Retaliation Against Relator Craig) and Count III (Violation of 31 U.S.C. § 3730(h) - Retaliation Against Relator Koza).

6.     Relators' retaliation claims in the two counts are foreclosed by controlling Eleventh Circuit authority.  In *Monroe v. Fort Valley State University*, the Eleventh Circuit held that arms of the state, specifically, the Board of Regents of the University System of Georgia and a Georgia state university, such as the Defendant named in the retaliation claims here, have Eleventh Amendment immunity from whistleblower retaliation suits under the False Claims Act.  93 F.4th 1269, 1278–79 (11th Cir. 2024).  Accordingly, Relators will no longer pursue retaliation claims against the Board of Regents or Georgia Institute of Technology, which are the only claims not part of the government's Complaint in Intervention.

7.     Because Relators sought to serve their original complaint solely based on their retaliation claims, the parties jointly move the Court for an order dismissing Relators' retaliation claims, withdrawing Relators' Motion for Permission to Serve the Original Complaint (Doc. 24), and vacating the Court's Order to serve the original complaint by December 19, 2024 (Doc. 33).  A proposed order is attached for the Court's convenience.

8.     The parties have conferred over email and counsel for the United States does not object to the relief requested in this motion.

Respectfully submitted, the 18th day of December, 2024.

*/s/ Julie Bracker*
Julie Bracker
Georgia Bar No. 073803
Jason Marcus
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Road, Suite 660
Atlanta, GA 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Julie@fcacounsel.com
Jason@fcacounsel.com

*Counsel for Relators*

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan
Georgia Bar No. 294713
Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
Telephone: (404) 795-5016
Doug@gilfillanlawllc.com
*Counsel for Georgia Tech Research Corp. and Georgia Institute of Technology*

*/s/Ronald Machen*
Ronald Machen*
DC Bar No. 447889
Matthew Jones*
DC Bar No. 502943
Wilmer Cutler Pickering
  Hale and Dorr, LLP
2100 Pennsylvania Avenue
NW Washington, D.C. 20037
Telephone: (202) 663-6000
Fax:  (202) 663-6363
Ronald.Machen@wilmerhale.com
Matt.Jones@wilmerhale.com

George P. Varghese*
Massachusetts Bar No. 706861
Wilmer Cutler Pickering
  Hale and Dorr, LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Fax:  (617) 526-5000
George.Varghese@wilmerhale.com

Peter Kurtz*
Colorado Bar No. 54305
Wilmer Cutler Pickering
Hale and Dorr, LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Fax: (720) 274-3133
Peter.Kurtz@wilmerhale.com

*Counsel for Georgia Tech Research Corp.*
*Admitted *pro hac vice*

5

**LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1, using a font type of Times New Roman and a point size of 14.

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email documentation of such filing to the attorneys of record.

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan
