IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. CHRISTOPHER CRAIG AND KYLE KOZA,<br><br>  PLAINTIFFS,<br><br>    v.<br><br>GEORGIA TECH RESEARCH CORP. AND BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA (D/B/A THE GEORGIA INSTITUTE OF TECHNOLOGY),<br><br>  DEFENDANTS. | Civil Action No.<br><br>1:22-cv-02698-JPB |

**UNITED STATES OF AMERICA'S PARTIAL OPPOSITION
TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND FOR COURT
TO CONSIDER DOCUMENTS UNDER INCORPORATION BY
<u>REFERENCE</u>**

  Plaintiff, the United States of America, by counsel, respectfully submits this partial opposition to the Motion for Judicial Notice and for Court to Consider Documents Under Incorporation-By-Reference Doctrine filed by Defendants Georgia Tech Research Corporation (GTRC) and the Board of Regents of the University System of Georgia, doing business as the Georgia Institute of Technology (Georgia Tech). Dkt. No. 35. For the reasons below, the Court should largely deny the Motion.

## INTRODUCTION AND BACKGROUND

On August 22, 2024, the United States filed its Complaint in Intervention, which asserts eight claims against Defendants pursuant to the False Claims Act and federal common law. Dkt No. 23. The United States' claims are based on Defendants' failure to comply with federal cybersecurity regulations applicable to contracts with the Air Force and the Defense Advanced Research Projects Agency (DARPA), including two contracts (the EA and SMOKE contracts) for cyber defense research services. *See id.*

On October 21, 2024, Defendants moved to dismiss the United States' Complaint. Dkt. No. 34. Along with their Motion to Dismiss, Defendants filed the present Motion for Judicial Notice, attaching 34 exhibits that span more than 1,000 pages, which Defendants ask the Court to consider in resolving their Motion to Dismiss. They notably ask the Court not to convert the Motion to Dismiss to one for summary judgment, acknowledging themselves how improper it would be for the Court to resolve factual issues prior to discovery at this pleading stage. *See* Defs' Brief in Supp. of Mot. to Dismiss, Dkt No. 34-1, at 20 n. 5 (hereinafter "Mot. to Dismiss").

While some of the exhibits included in Defendants' request may be appropriately considered because they are incorporated by reference in the United States' allegations, Defendants seek much broader relief, asking the Court to flout

well-established limitations on evidentiary review at the pleading stage and consider a significant swath of documents without any valid basis.

## LEGAL STANDARD

Typically, "[i]f a district court considers matters outside the pleadings in adjudicating a Rule 12(b)(6) motion to dismiss," the motion must be "converted into a Rule 56 motion for summary judgment" and the court must "notify the parties" and "give them a reasonable time to respond."  *Sequeira v. Steinlauf*, 759 F. App'x 792, 794 (11th Cir. 2018).  There are only limited instances in which matters outside the complaint may be considered without conversion.

First, under the incorporation by reference doctrine, a document not attached to the complaint may be considered if it is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).  A document is central when it "is a necessary part of a plaintiff's effort to make out a claim." *GoPlus Corp. v. Crown Equip. Corp.*, 533 F. Supp. 3d 1344, 1353 (S.D. Ga. 2021) (internal quotation marks and alterations omitted) (citing *Kalpakchian v. Bank of Am. Corp.*, 832 Fed. App'x 579, 583 (11th Cir. 2020)); *see also Future Fibre Techs. Pty. Ltd. v. Optellios, Inc.*, 2009 WL 10669938, at *2 (M.D. Fla. May 7, 2009) (a document "is not central . . . and cannot be considered" if the complaint "does not reference" the document and the claims do not "rely on it").

3

Courts resolving a motion to dismiss also may sometimes consider a document outside the pleadings to take judicial notice of "a fact that is not subject to reasonable dispute" because either (1) it is "generally known within the trial court's territorial jurisdiction" or (2) it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *King v. Akima Global Servs., LLC*, 775 Fed. App'x 617, 621 (11th Cir. 2019) (citing Fed. R. Evid. 201(b)).  However, "[i]n order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

## ARGUMENT

### I. The Court May Consider Some, But Not All Of Defendants' Incorporation By Reference Exhibits

Defendants identify three categories of documents that they argue may be considered in resolving their motion to dismiss pursuant to the incorporation by reference doctrine: (1) documents "comprising" the EA and SMOKE contracts at issue in the Complaint, (2) "other documents related to the EA and SMOKE contracts also referenced in the Complaint," and (3) two email chains that Defendants title "DoD Statements Related to the EA Contract."  Mot. for Judicial Notice at 6-7.

With respect to the first category (Exhibits 14-17, 20-22, 25-28) and the second (Exhibits 18, 19, 24, 29, and 30), the United States does not contest that

these documents are the type the Court may consider under the incorporation by reference doctrine without converting Defendants' motion. The United States notes, however, that these documents do not make up the parties' entire contract record, and, in any event, they do not warrant dismissal as the United States explains in opposing the Motion to Dismiss.

To the contrary, the documents themselves are consistent with the United States' allegations. For example, as explained in the United States' Opposition to Defendants' Motion to Dismiss:

- Exhibits 14, 15, 21, and 22 are consistent with allegations that the Astrolavos Lab handled controlled unclassified information (CUI) and information subject to Distribution Statement F during performance of the EA contract. Opp. to Mot. to Dismiss at 19-21.

- Exhibit 18, the EA solicitation, notified offerors like GTRC that the Department of Defense (DoD) did not expect that the EA project goals could "be met by performers intending to perform fundamental research" and reflects DoD's objective to collect and validate cyber attribution information "without putting at risk the sources and methods used for collection." *Id.* at 18, 38.

- Exhibit 19 is consistent with allegations that DoD relied on the DFARS 7008 certification in connection with the EA contract. *Id.* at 33.

- Exhibits 25, 27, and 28 are consistent with allegations that the SMOKE project involved CUI and controlled defense information (CDI). *Id.* at 21-22.

Additionally, Exhibits 29 and 30 simply contain the certifications alleged in the Complaint. *See* Compl. ¶¶ 284, 288.

The remaining exhibits include the initial SMOKE contract and solicitation (Exhibits 16 and 24), and a modification form (Exhibit 26) Defendants reference primarily to show the funds initially allocated to the SMOKE non-fundamental research tasks, which has little relevance to the United States' allegations. *See* Mot to Dismiss at 16. As to the EA contract, the remaining exhibits are the EA Subcontracting Plan (Exhibit 17) and Security Classification Guide (Exhibit 20), neither of which Defendants rely on in seeking dismissal. Instead, Defendants reference the Subcontracting Plan in passing for the proposition that the EA contract had multiple performers. *See id.* at 12. And with respect to the Security Classification Guide, Defendants simply note that it "listed three categories of information as 'FOUO'" in connection with the EA work. *Id.* at 13. As the Complaint alleges, FOUO is a designation that information is "For Official Use Only," and FOUO information may meet the definition of CDI. *See* Compl. ¶ 120.

Defendants' third category of documents – specifically, Exhibits 5 and 23 – manifestly does not satisfy the incorporation-by-reference doctrine. Defendants suggest that the Court can consider those documents because "they reflect the proper interpretation of the EA contract provisions that underlie all the Complaint's claims," Mot. for Judicial Notice at 7, a strikingly broad proposition that cannot be sustained. The Exhibits – two email exchanges with agency staff – are not formal

6

proclamations "from DoD" or a Contracting Officer and do not resolve any factual issue in this case. *See* Opp. to Mot. to Dismiss at 22-23.

Moreover, contrary to Defendants' cavalier suggestion that Exhibits 5 and 23 are appropriate for incorporation-by-reference because "[c]ourts consider emails" under the doctrine, Mot. for Judicial Notice at 7, courts actually reject the very sort of cherry-picked reliance Defendants advocate here. In *Winenger v. Lowry*, for example, the district court refused to consider an email attached to the defendant's motion for judgment on the pleadings. 2023 WL 11884735, *2-3 (N.D. Ga. Jan. 23, 2023). Defendant proffered that the email demonstrated plaintiff's awareness of his claim in 2016, rendering his complaint outside the applicable statute of limitations, but the email was "not referenced in the Complaint," it was "filed as an attachment to [defendant's] Motion." *Id.* Accordingly, the court concluded it could not consider the email at the pleading stage, and that consideration would, in any event, be improper as the case was "still in its infancy." *Id.* at *3; *see, e.g., also GoPlus*, 533 F. Supp. 3d at 1353 (refusing to consider email communications that were not referenced in the complaint on a motion to dismiss, which showed "[a]t most," a "portion of the parties' post-contractual communications"); *Hartman v. Meta Platforms, Inc.*, 2024 WL 4213302, at *8 (S.D. Ill. Sept. 17, 2024) (refusing to "effectively freeze" evidentiary record and engage in "targeted fact-finding on a motion to dismiss").

In short, the incorporation by reference doctrine does not "grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment," which is what Defendants seek. *Henry v. Boston Hannah Chicago, LLC*, 2015 WL 3613715, at *3 (N.D. Ill. Jun. 8, 2015) (internal citations and quotation marks omitted).

## II.     Defendants' Judicial Notice Request Is Improper

Defendants also ask the Court to take judicial notice of 16 documents – Exhibits 1-4, 6-13, and 31-34 – in resolving their motion to dismiss. Defendants do not cite these documents to establish discrete, readily ascertainable facts that are "not subject to reasonable dispute" as Rule 201 allows. Fed. R. Evid. 201(b). Instead, Defendants request that the Court use these documents to draw ultimate conclusions of *highly disputed* fact in Defendants' favor that the documents do not and cannot conclusively establish – or in most instances, that the documents do not even address.

Defendants incorrectly proffer that nearly every one[1] of the exhibits they seek judicial notice of is a document "made publicly available by a government

---

[1] Exhibit 12 to Defendants' motion is an interim final rule published at 88 Fed. Reg 89058. "The contents of the Federal Register shall be judicially noticed," 44 U.S.C. §1507, and the United States does not object to its consideration. As noted in the United States' response to Defendants' motion to dismiss, the DoD commentary included in Exhibit 12 directly undercuts Defendants' dismissal arguments. *See* Opp. to Mot. to Dismiss at 23.

8

entity" and thus is appropriate for consideration at the pleading stage. Mot. for Judicial Notice at 5. While courts may take judicial notice of the *existence* of a publicly available government document and the fact that the document "says what it says," that does not transform every statement in a publicly available document into a judicially noticeable fact. *Castillo v. Seviroli Foods, Inc.*, 2022 WL 889014, at *4 (E.D.N.Y. Mar. 25, 2022); *see also King*, 775 F. App'x at 621 (district court could take "judicial notice of certain facts in the DHS report, OIG report, and Miami-Herald article . . . because those facts were beyond dispute," but erred in drawing inferences from the "limited record" to establish ultimate conclusions).

To the contrary, Defendants' own cases illustrate the more limited scope of courts' judicial notice authority. In *Banks v. McIntosh County*, the court simply took judicial notice of the fact that a plaintiff's limited liability company was "organized under Georgia law" by reference to public records of the Georgia Secretary of State. 530 F. Supp. 3d 1335, 1346 n. 7 (S.D. Ga. 2021). And in *Mathews v. JPMorgan Chase Bank*, judicial notice was made of the fact that the Office of Thrift Supervision appointed FDIC as the receiver of the bank holding a deed to plaintiff's real property. 2013 WL 12106937, at *7 n. 7 (N.D. Ga. Jan. 14, 2013).

Here, however, Defendants do not rely on government documents to establish such readily ascertainable facts. Instead, they attempt to use the doctrine

as an impermissible effort to avoid discovery and resolution of this matter on the full record that the Federal Rules of Civil Procedure require. For example:

- Defendants rely on Exhibits 1, 3, 4, and 6 in an attempt to suggest that "GTRC's on-campus research at issue in this case" could not have been subject to DoD Distribution Statement F. *See* Mot. to Dismiss at 6 n. 2, 13. None of these exhibits, various DoD guidance documents, say anything at all about the information the Astrolavos Lab did nor did not have access to, or the research it did or did not conduct.

- Defendants similarly rely on Exhibits 2, 8, and 31, DoD and NIST FAQ documents, to "confirm[]" that they could not have violated their cybersecurity obligations by failing to update the Astrolavos Lab's system security plan. *See id.* at 28. But whether Defendants' specific conduct violated their federal cybersecurity obligations and contracts with DoD is also not a matter that can be "accurately and readily determined" from these sources. Fed. R. Evid. 201(b).

- Defendants also seek to use Exhibit 2, the DoD FAQ, to demonstrate that "For Official Use Only" information that the Complaint alleges the Astrolavos Lab had access to during the performance of EA and SMOKE did not meet the criteria for CDI. *See* Mot. to Dismiss at 5. Again, however, the DoD FAQ does not address, much less establish beyond dispute whether information held at the Lab met the definition of CDI.

- Defendants also cite Exhibits 33 and 34, two DoD inspector general reports, in their motion to dismiss to show that "GTRC's alleged noncompliance" with the federal cybersecurity obligations at issue in the United States' Complaint is "immaterial." *See id.* at 40 n. 12. But the materiality or immateriality of Defendants' alleged cybersecurity shortcomings is not a fact that can be "accurately and readily determined" from the reports.

At bottom, Defendants do not rely on these exhibits "to show what statements the document[s] contain[]." *FDIC v. Boggus*, 2014 WL 12479645, at *2 (N.D. Ga. Aug. 25, 2015). Instead, Defendants rely on these exhibits in an attempt

to establish "hotly contested fact[s]," which is an "entirely inappropriate" use of judicial notice. *Id.* ("While the court is free to notice that the OIG Report contains this statement and similar ones, the fact that the FDIC said it does not make it true"); *Dasenbrock v. Enemoh*, 2018 WL 10322174, at *2 (E.D. Cal. Jan. 8, 2018) ("the court may take judicial notice of the fact that such report was published by the OIG, but not the facts included within the report").

Even where Defendants attempt to rely on the "Government Publication" documents ostensibly to establish that those documents say what they say, Defendants mischaracterize the documents or overlook their full contents. Exhibit 9, the 2015 version of NIST SP 800-171, identifies implementation of a system security plan (SSP) as "expected to be routinely satisfied by nonfederal organizations without specification" and Defendants thus mischaracterize both that document and Exhibit 10, the 2016 NIST version, by asserting in their Motion to Dismiss that there was no SSP obligation prior to 2016. *See* Opp. to Mot. to Dismiss at 26-27, n. 4; *see also* Mot. to Dismiss at 9, 26. Similarly, while Defendants use a 2020 NIST version (Exhibit 11) to claim they had no earlier obligation to implement anti-virus controls, the Complaints' allegations and other sources Defendants themselves rely on contradict their reading. *See* Opp. to Mot. to Dismiss at 27 (the earlier NIST malicious code controls, like the FAR malicious code controls, require antivirus protection).

11

The Court should not consider these documents in ruling on Defendants' motion to dismiss. [2]

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny Defendants' motion with respect to Exhibits 1-11, 13, 23, and 31-34.

        Respectfully submitted,

        BRIAN M. BOYNTON
        PRINCIPAL DEPUTY ASSISTANT
        ATTORNEY GENERAL
        CIVIL DIVISION

        /s/ Joanna G. Persio
        JAMIE ANN YAVELBERG
        SARA MCLEAN
        JOANNA G. PERSIO
        TRIAL ATTORNEY, CIVIL DIVISION
        D.C. Bar No. 988614
        U.S. Department of Justice
        175 N. Street NE, Rm 10.104
        Washington, D.C. 20002
        Telephone: (202) 616-3677
        joanna.g.persio@usdoj.gov

        RYAN K. BUCHANAN
        UNITED STATES ATTORNEY

---

[2] The remaining "Government Publication" documents – Exhibits 7, 13, and 32 – Defendants' Motion to Dismiss merely cites in passing without explanation of the supposed import of them, which only underscores the impropriety of the document dump Defendants seek to use as a shield to the United States' allegations. *See* Mot. to Dismiss at 7, 10, 38.

A<small>DAM</small> D. N<small>UGENT</small>  
A<small>SSISTANT</small> U.S. A<small>TTORNEY</small>  
Georgia Bar No. 381008  
M<small>ELANIE</small> D. H<small>ENDRY</small>  
A<small>SSISTANT</small> U.S. A<small>TTORNEY</small>  
Georgia Bar No. 867550  
600 Richard B. Russell Federal Bldg.  
75 Ted Turner Drive, SW  
Atlanta, Georgia 30303  
Telephone: (404) 581-6000  
adam.nugent@usdoj.gov  
melanie.hendry@usdoj.gov  

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing document has been prepared using Times New Roman, 14-point font.

/s/Joanna G. Persio
TRIAL ATTORNEY

## CERTIFICATE OF SERVICE

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

This 20th day of December, 2024.

/s/Joanna G. Persio
TRIAL ATTORNEY