IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER CRAIG and KYLE KOZA, | ) ) ) ) | |
| Plaintiff–Relators, | ) ) | Civil Action No. 1:22-cv-02698-JPB |
| v. | ) ) | |
| GEORGIA TECH RESEARCH CORP. and BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA (d/b/a THE GEORGIA INSTITUTE OF TECHNOLOGY), | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR JUDICIAL NOTICE AND FOR COURT TO CONSIDER DOCUMENTS UNDER INCORPORATION-BY-REFERENCE DOCTRINE**

The government concedes that documents relating to the EA and SMOKE contracts (Exs. 14-22, 24-30) and statements published in the Federal Register (Ex. 12) can be properly considered in ruling on the Defendants' Motion to Dismiss. *See* Partial Opposition to Motion for Judicial Notice and for Court to Consider Documents Under Incorporation-By Reference Doctrine ("Opp. MJN") at 4-5, 8 n.1. It contends, however, that this Court cannot consider *DoD's own documents*

setting forth the legal framework for Covered Defense Information (Exs. 1-4, 6-11,

13, 31-32), DoD reports regarding the defense industry's widespread non-

compliance with the DoD cybersecurity rules (Exs. 33-34), or written statements

from DoD contracting officers detailing the scope and terms of the EA contract

(Exs. 5, 23).  The government's position, which is contrary to prevailing precedent

in this jurisdiction, would prevent this Court from considering on the Motion to

Dismiss documents that gut the Complaint's legal theories by establishing that its

interpretations of DoD's regulations are plainly incorrect.  The Motion should be

granted.[1]

## I.    The Government's Own Documents Are Properly the Subject of Judicial Notice

The government concedes that DoD's documents regarding the legal

framework for CDI, and DoD reports describing the defense-industrial base's non-

compliance with the DoD cybersecurity rules, are "documents made publicly

available by a government entity"—the sole requirement for these documents to be

judicially noticed.  *Thomas v. Alcon Labs.*, 116 F. Supp. 3d 1361, 1365 (N.D. Ga.

2013) (citation omitted) (holding that the court could take judicial notice of FDA

---

[1] As explained in the Brief in Support of the Motion to Dismiss and the Reply, GTRC and Georgia Tech dispute that the documents that are the subject of judicial notice "are consistent with the [government's] allegations" or support the government's claims.  *See* Opp. MJN at 5.

documents as they were documents made publicly available by a government

entity). But even so, the government asserts that DoD's documents cannot be

judicially noticed because they are cited "to draw ultimate conclusions of highly

disputed fact." Opp. MJN at 8. The government misapprehends the purpose of

these documents, which answer legal questions, not factual ones.

The Brief in Support of Motion to Dismiss ("Mot.") cites DoD memoranda,

guidance, and policy documents that set out the *legal* framework at the heart of the

government's case and against which the legal sufficiency of the Complaint's

allegations must be tested. In particular:

- PGI 204.7303-1 (Ex. 1) and DFARS FAQ (Ex. 2) set forth the requirement that any CDI relevant to performance of a contract be identified in the contract documents. *See* Mot. at 5-6 & n.1 (explaining that only the DoD entity overseeing the contract can designate CDI and that it must do so in the contract documents).

- DoD Instructions 5230.24 and 3200-12 (Exs. 3, 4) define, and describe limitations on, the application of Distribution Statement F. *See* Mot. at 6 n.2 (explaining that the rules prohibit Distribution Statement F from being applied to on-campus basic and applied research).

- DoD Memoranda regarding Contracted Fundamental Research (Ex. 6) and National Security Decision Directive 189 (Ex. 7) define fundamental research. *See* Mot. at 7 (describing fundamental research).

- Each version of NIST SP 800-171 (Exs. 8-11) sets forth the "security requirements" applicable to the contracts that were solicited during the time period the version was in effect (and were subject to DFARS 7012). FAQs for NIST SP 800-171r3 (Ex. 31) provides official

3

guidance from NIST regarding the current version of NIST SP 800-171. *See* Mot. at 8-9 (explaining the security requirements applicable to different versions of NIST SP 800-171).

- NIST SP 800-171 DoD Assessment Methodology (Ex. 13) provides instructions for performing a self-assessment of compliance with NIST SP 800-171 as required by DFARS 7019. *See* Mot. 10 (explaining that DoD treats self-assessments as low confidence).

The government is incorrect that the Motion to Dismiss cites these documents to resolve disputed facts. Opp. MJN at 8, 10. While at this stage the government is entitled to certain deference to its factual allegations, it is not entitled to its own incorrect version of the law. Subjecting the Complaint's allegations to the applicable DoD rules—which the government asks the Court to ignore—demonstrates that the government's claims lack any legal foundation.

Courts routinely judicially notice—and rely on at the pleading stage—governmental publications that, as here, clarify the applicable legal rules. For instance, in *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1384, 1390-98 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017), the court judicially noticed CMS manuals and guidance related to medical equipment and held, based on rules in those documents, that the complaint failed to allege a false claim. Similarly, in *U.S. ex rel. Davern v. Hoovestol, Inc.*, 2015 WL 6872427, at *8 (W.D.N.Y. Nov. 9, 2015), the court relied on a judicially noticed postal service management instruction that described

4

allowable transportation costs in ruling that the relator had stated a claim.  And in

*U.S. ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 720-21 (N.D.

Tex. 2011), the court judicially noticed, and relied on, a CMS Medicare manual to

determine, as a matter of law, the meaning of the applicable certification.

    As in those cases, this Court may and should judicially notice and consider

Exhibits 1-4, 6-11, 13, 31-32 in construing the legal framework applicable to the

government's claims.[2]

    The DoD inspector general reports (Exs. 33-34) may and should also be

judicially noticed.  Those reports state that DoD has found widespread non-

compliance in the defense industrial base with the DoD cybersecurity rules.  Mot.

40-41 n.12.  Contrary to the government's assertion (Mot. 10), that fact—that DoD

has *found* widespread non-compliance—bears directly on materiality, because it

---

[2] Even if this Court concluded (incorrectly) that DoD's documents regarding the legal framework for CDI are not subject to judicial notice, at a minimum this Court could consider the following exhibits that are referenced in the Complaint:

- NIST SP 800-171 (June 2015) (Ex. 9); *see* Compl. ¶¶80-81 (discussing "June 2015" and "pre-December 2016" version of NIST SP 800-171).
- NIST SP 800-171 Revision 1 (Dec. 2016) (Ex. 10); *see* Compl. ¶77 (discussing NIST SP 800-171 control 3.12.4, which was added in Revision 1).
- NIST SP 800-171 Revision 2 (Feb. 2020) (Ex. 11); *see* Compl. ¶¶87-89 (discussing "discussion" sections of NIST SP 800-171 that did not appear until Revision 2).
- NIST SP 800-171 DoD Assessment Methodology, Version 1.2.1 (June 24, 2020) (Ex. 13); *see* Compl. ¶¶76 (discussing assessment methodology).

shows DoD's response to actual knowledge of non-compliance—a key consideration in the materiality analysis. *U.S. ex rel. Bibby v. Mortg. Ins. Corp.*, 987 F.3d 1340, 1347 (11th Cir. 2021) (finding the effect of actual knowledge of non-compliance on the government's behavior as relevant to the materiality analysis).

## II.    DARPA and AFRL Statements Regarding Fundamental Research under the EA Contract Are Properly Incorporated by Reference

The government does not dispute that the DARPA and AFRL Statements (Exs. 5, 23) satisfy the two-part incorporation by reference test set forth in *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Specifically, the government does not dispute that the statements—confirmations from DoD contracting officers that the EA contract was for fundamental research and therefore not subject to DoD cybersecurity rules—are "central to [the government's] claims," which rise or fall based on the applicability of the cybersecurity rules to the EA contract. *Id.* at 1300. Nor does the government dispute that the documents are authentic. These concessions alone warrant granting the Motion with respect to the statements.

The government's (non-responsive) response is that the statements "do not resolve any factual issue" and are not "formal proclamations." Opp. MJN at 7. Neither of these replies is relevant to whether the Court may consider them. The

6

purpose of the statements is to fill a hole in the Complaint about the terms and scope of the EA contract—not to resolve "factual issues" at the pleading stage. And the government does not define, much less explain the significance of, "formal proclamations" for purposes of the incorporation-by-reference doctrine. In any event, one struggles to think of better evidence of a contract's terms and scope than contemporaneous statements by the contracting officers to the party performing the contract.

What is more, in arguing that emails cannot be incorporated by reference as a matter of law, the government does not cite a single case that remains good law in this Circuit after *City of Atlanta*. All of the government's cases involved courts refusing to consider emails on a motion to dismiss because, among other deficiencies, the emails were not referenced in the complaint—a requirement that *City of Atlanta*, as binding circuit court precedent, expressly overruled, 107 F.4th at 1300. *See Winenger v. Lowry*, 2023 WL 11884735, *2 (N.D. Ga. Jan. 23, 2023) (refusing to consider email both because it was "not referenced in the Complaint" and because it was cited in support of statute of limitations defense—i.e., the email was not central to the plaintiff's claim); *GoPlus Corp. v. Crown Equip. Corp.*, 533 F. Supp. 3d 1344, 1353 (S.D. Ga. 2021) (documents were "not the same email exchanges that [the plaintiff] references and relies on in its Amended Complaint"); *Hartman v. Meta Platforms, Inc.*, 2024 WL 4213302, at *8 (S.D. Ill. Sept. 17,

2024) ("documents [not] mentioned in [p]laintiffs' complaint"); *Henry v. Boston Hannah Chicago, LLC*, 2015 WL 3613715, at *3 (N.D. Ill. Jun. 8, 2015) (documents not expressly "referred to in the plaintiff's complaint"); *Future Fibre Techs. Pty Ltd. v. Optellious, Inc.*, 2009 WL 10669938, at *2 (M.D. Fla. May 7, 2009) (document not "reference[d]" in the complaint).

In addition, none of these cases announced a rule prohibiting consideration of emails under the incorporation-by-reference doctrine. And even if they did, that rule would violate *City of Atlanta*'s holding that documents central to the plaintiff's claim may be properly considered under the incorporation-by-reference doctrine.

In sum, the government offers no basis for this Court *not* to consider the Statements other than a requirement that *City of Atlanta* expressly rejected.

## CONCLUSION

For the reasons set forth above and in the Motion, the Motion should be granted.

Dated: January 21, 2025

                              Respectfully submitted,

                              */s/Douglas W. Gilfillan*
                              Douglas W. Gilfillan
                              Georgia Bar No. 294713
                              Gilfillan Law LLC

8

One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (404) 795-5016
Doug@gilfillanlawllc.com

*Counsel for Georgia Tech Research Corp. and
Georgia Institute of Technology*

*/s/Ronald Machen*
Ronald Machen*
DC Bar No. 447889
Matthew Jones*
DC Bar No. 502943
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: (202) 663-6000
Fax:  (202) 663-6363
Ronald.Machen@wilmerhale.com
Matt.Jones@wilmerhale.com

George P. Varghese*
Massachusetts Bar No. 706861
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax:  (617) 526-5000
George.Varghese@wilmerhale.com

Peter Kurtz*
Colorado Bar No. 54305
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202

9

Telephone: (720) 274-3135
Fax: (720) 274-3133
Peter.Kurtz@wilmerhale.com

*Counsel for Georgia Tech Research Corp.*
*Admitted *pro hac vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Ronald Machen
Ronald Machen

## CERTIFICATE OF SERVICE

**I hereby certify** that on January 21, 2025, I electronically filed the foregoing Reply Brief in Further Support of Motion for Judicial Notice with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*/s/ Ronald Machen*
Ronald Machen